UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-22256-CIV-SEITZ/SIMONTON

SHERZAD ATABAYEV,

       Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,

       Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND CLOSING CASE

THIS MATTER is before the Court upon Defendants' Motion to Dismiss First Amended

Complaint [DE-23], in which Defendants seek to dismiss Plaintiffs' entire complaint. This

action arises out of Plaintiff, Sherzad Atabayev's arrest and eleven-day detention by the United

States and its agencies. Plaintiff's Amended Complaint alleges four claims against the United

States,[1] pursuant to the Federal Tort Claims Act (FTCA) for: (1) negligence for the failure of two

Customs Agents to adequately search Plaintiff's car and repeated failures to ascertain Plaintiff's

lawful immigration status; (2) negligence for the failure of an Immigration and Customs

Enforcement Officer to investigate Plaintiff's immigration status; (3) intentional infliction of

emotional distress against the Customs Agents; and (4) intentional infliction of emotional

distress against Unknown Immigration and Customs Enforcement Officers. Defendants have

---

[1] The Amended Complaint names as Defendants the United States, Deportation Officer
Laura Perez, Customs Agent William Mayer, Customs Agent Mathew Mahtesian, Unknown
Immigration and Customs Enforcement Officers and Unknown Customs and Border Patrol
Agents. Defendants argue that, under the Federal Tort Claims Act, the United States is the only
proper party Defendant. Plaintiff concedes this point in his response to the Motion to Dismiss
First Amended Complaint. *See* DE-26 at 1-2.

moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because Counts I and II are barred by the discretionary function rule and Plaintiff fails to allege "outrageous" conduct in Counts III and IV, the Motion to Dismiss is granted.

## I. Facts Alleged in the Amended Complaint

Plaintiff, Sherzad Atabayev, is a native and citizen of Uzbekistan. Plaintiff, who lives in Key West, Florida, is a resident of the United States, having been granted asylum on March 15, 2007. Plaintiff has now become a lawful permanent resident of the United States, based on his asylee status. The individually named Defendants were employed by the United States, at all relevant times.

On October 4, 2009, Customs Agents Mayer and Mahtesian and Unknown Customs and Border Patrol Agents were conducting a search in Marathon, Florida. As part of the search, Mayer and Mahtesian questioned Plaintiff about his immigration status in the United States. Plaintiff indicated that he was granted asylee status and his proof of asylee status was in a nearby vehicle. Although Plaintiff was asked for proof of his lawful status, he was not permitted to locate his proof in the trunk of his vehicle. Agents Mayer and Mahtesian conducted a search of the vehicle but failed to locate Plaintiff's proof of status within the trunk. As a result, Plaintiff was taken into custody between the hours of 11:00 p.m. on October 4, 2009 and 1:00 a.m. on October 5, 2009.

On October 5, 2009 at 1:19 a.m., while in custody, Plaintiff was served with a Form I-826, Notice of Rights and Request for Disposition, which indicated that Plaintiff was arrested because "immigration officers believe you are illegally in the United States." At the same time, Plaintiff was also served with a Form I-200, Warrant for Arrest of Alien. The Form I-200 states

that Plaintiff "is within the country in violation of the immigration laws." The Form also indicates that date and time when Plaintiff entered the United States. On October 5, 2009, Plaintiff was also served with a Notice to Appear, which charged Plaintiff with having violated § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act because Plaintiff was not in possession of a valid, unexpired document of identity or nationality. The same day, Plaintiff was also served with a Form I-286, Notice of Custody Determination, which indicated that Plaintiff would be detained by the Department of Homeland Security without bond.

During the time that Plaintiff was in custody, the Agents Mayer and Mahtesian were on notice of Plaintiff's correct name, correct date of birth, correct country of birth, and correct alien number. In order to prepare the Forms I-826, I-200, I-862, and I-286, Agents Mayer and Mahtesian entered various personal information about Plaintiff into a document creation database. According to Plaintiff, this database also would have provided Agents Mayer and Mahtesian with Plaintiff's lawful status.

Plaintiff was detained for a total of eleven days. During that time Plaintiff was not given an opportunity to clarify his lawful asylee status and no officer investigated Plaintiff's status. On the eleventh day of his detainment, Plaintiff met with Officer Perez and, thereafter, was released.

Count I of the Amended Complaint alleges that Agents Mayer and Mahtesian and Unknown Customs and Border Patrol Agents breached a duty to reasonably investigate Plaintiff's lawful status by failing to permit Plaintiff to locate his proof of status prior to taking him into custody, performing an inadequate search of Plaintiff's vehicle, and failing to ascertain Plaintiff's lawful status after entering Plaintiff's information into a database. Count II of the Amended Complaint alleges that Officer Perez and Unknown Immigration and Customs

Enforcement Officers were negligent because they did not reasonably investigate Plaintiff's lawful status, failed to ascertain Plaintiff's lawful status after reviewing Plaintiff's file, and failed to meet with Plaintiff before the eleventh day of his custody.  Count III alleges a claim for intentional infliction of emotional distress by Agents Mayer and Mahtesian and Unknown Customs and Border Patrol Agents by prohibiting Plaintiff from verifying his lawful status at the scene of the arrest, conducting an inadequate search of Plaintiff's vehicle, and recklessly preparing the Forms I-826, I-200, I-862, and I-286 without verifying Plaintiff's lawful status. Count IV alleges intentional infliction of emotional distress by Unknown Immigration and Customs Enforcement Officers by forbidding Plaintiff from verifying his lawful status while in custody, failing to communicate Plaintiff's claims to the Officer in charge of his file, Officer Perez, not permitting Plaintiff to meet with Officer Perez prior to the eleventh day of his custody, and not seeking an alternative method to confirm Plaintiff's claims of lawful status.

## II. Motion to Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint.  The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted.  It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all

well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## III. Discussion

### A.    *Counts I and II are Barred By the Discretionary Function Exemption to the FTCA*

The United States seeks to dismiss Counts I and II because they are barred by the discretionary function exemption to the FTCA. Specifically, 28 U.S.C. § 2680(a) excepts from coverage of the FTCA:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The Supreme Court has set out a two-part test for determining whether an act falls within the discretionary function exception. *United States v. Gaubert*, 499 U.S. 315 (1991). First, a court must determine if the act involves an "element of judgment or choice." *Id.* at 322. There is no

judgment or choice involved if the act is specifically prescribed by a federal statute, regulation, or policy because the employee has no choice but to adhere to the directive. *Id.* Second, if the challenged act involves a judgment or choice, a court must determine if the act is "grounded in the social, economic, or political goals of the statute and regulations." *Id.* at 323. "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Id.* at 324. If both prongs are met, the act falls within the discretionary function exception. *Id.* at 323. Thus, for a complaint to survive a motion to dismiss, Plaintiff must have alleged facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime. *Id.* at 324-25.

The United States asserts that all of the challenged actions in Count I – Agents Mayer and Mahtesian failing to permit Plaintiff to locate his proof of status prior to taking him into custody, performing an inadequate search of Plaintiff's vehicle, and failing to ascertain Plaintiff's lawful status after entering Plaintiff's information into a database – and Count II – Perez failing to reasonably investigate Plaintiff's lawful status, failing to ascertain Plaintiff's lawful status after reviewing Plaintiff's file, and failing to meet with Plaintiff before the eleventh day of his custody – constitute discretionary actions because they involved an element of judgment or choice. Plaintiff does not appear to dispute that these actions involved an element of judgment or choice.[2] Instead, Plaintiff argues that these actions did not involve a social, economic, or

_____

[2]Even if Plaintiff is arguing that these actions did not involve a judgment or choice, Plaintiff has not alleged this or alleged any facts to show the existence of a statute or regulation that specifically prescribes the actions to be taken by Government agents in a situation like the

political policy.

Plaintiff argues that the acts at issue do not involve public policy concerns and, thus, do not meet the second prong of the exception. Plaintiff also maintains that the policy concerns in the cases the United States cited are not present here. However, the United States did not cite to the cases as examples of the same policy concerns present here. Furthermore, the Supreme Court has said that "[w]hen established governmental policy . . . allows a Government agent to exercise discretion, it must be *presumed* that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324 (emphasis added). The governmental agents in this matter where all acting within their discretion when exercising their judgment about whether to arrest Plaintiff, how to search Plaintiff's vehicle, whether to begin deportation proceedings against him, when to interview Plaintiff, and whether and when to check Plaintiff's legal status. Thus, it is presumed that these actions are grounded in policy. Plaintiff's Amended Complaint does not allege any facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime. Consequently, Plaintiff has failed to establish that the exemption does not apply.

Plaintiff further argues that this is "a case of inefficiency and unnecessary delay while the Plaintiff remained in custody." While this may be true, it does not remove the United States' actions from the discretionary function exception. As the Eleventh Circuit has noted, the "FTCA expressly provides that the exception applies to policy judgment, *even to those constituting abuse of discretion*." *Autery v. United States*, 992 F.2d 1523, 1528 (11th Cir. 1993) (emphasis added

---

one here. Thus, Plaintiff has failed to establish that the challenged actions were anything other than  discretionary.

and internal quotations omitted).  Thus, while the government agents may have unnecessarily delayed Plaintiff's release, Plaintiff has not shown that the decisions made by the agents were anything other than policy judgments.  Accordingly, Counts I and II are dismissed with prejudice because the challenged actions fall within the discretionary function exemption to the FTCA.

## B.  Counts III and IV Fail to Adequately Allege the Element of Outrageousness

The United States moves to dismiss Counts III and IV, for intentional infliction of emotional distress, for failure to state a claim upon which relief can be granted.  Specifically, the United States asserts that Plaintiff has not pled outrageous conduct, a necessary element of Counts III and IV, by any of the government agents.  The elements of a claim for intentional infliction of emotional distress are: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe.  *Thomas v. Hospital Board of Directors of Lee County*, 41 So. 3d 246, 256 (Fla. 2d DCA 2010).  The conduct at issue "must be so outrageous in character, and so extreme in degree, that it is considered atrocious [ ] and utterly intolerable in a civilized community."  *Id.* (internal quotations omitted).  As a result, the subjective response of the person who is the target of the conduct does not control.  *Liberty Mutual Insurance Co. v. Steadman*, 968 So. 2d 592, 595 (Fla. 2d DCA 2007).  The determination of whether conduct is outrageous enough to support a claim for intentional infliction of emotional distress is a question of law for a court to determine.  *Id.*

The United States argues that there was nothing outrageous in the conduct of Agents Mayer and Mahtesian in failing to permit Plaintiff to locate his proof of status prior to taking him into custody, failing to locate Plaintiff's proof of status when they searched his vehicle, and failing to ascertain Plaintiff's lawful status after entering Plaintiff's information into a database.

8

When Agents Mayer and Mahtesian stopped Plaintiff he was not carrying his proof of status on his person, as required by law, and Plaintiff admitted that he was an alien. Thus, taking Plaintiff into custody, after searching his trunk for his proof of status, as requested by Plaintiff, and not finding it, was not outrageous conduct. Nor was it outrageous for Agents Mayer and Mahtesian to begin deportation proceedings against Plaintiff, which would allow an immigration judge to determine Plaintiff's lawful status. Agent Mayer and Mahtesian's actions simply do not rise to the level of outrageousness necessary to sustain a claim. Consequently, Count III is dismissed with prejudice.

The United States also argues that there was nothing outrageous about the actions of Officer Perez and the Unknown Immigration and Customs Enforcement Officers. The United States urges that their actions were not outrageous because Plaintiff was lawfully detained under the authority of 8 U.S.C. § 1226(a), which provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Plaintiff responds that it was outrageous that he was held for eleven days when he was lawfully in the United States. However, under 8 U.S.C. § 1229a(c)(2)(B), in a removal proceeding, the burden is on the alien to establish that he is lawfully present in the United States. Plaintiff has not shown that Officer Perez or any of the Unknown Immigration and Customs Enforcement Officers were required to investigate Plaintiff's claim that he was lawfully present in the United States. Plaintiff has not shown that any of Perez' or any of the Unknown Immigration and Customs Enforcement Officers' actions were unlawful. Thus, if the agents were all acting lawfully, Plaintiff cannot establish that their conduct was so outrageous in character, and so extreme in degree, that it is considered atrocious and utterly

9

intolerable in a civilized community.  Consequently, Plaintiff has failed to plead a cause of action

for intentional infliction of emotional distress and Count IV must be dismissed.

Accordingly, it is

ORDERED that Defendants' Motion to Dismiss First Amended Complaint [DE-23] is

GRANTED:

A.  Plaintiff's Amended Complaint is DISMISSED with prejudice.

B.  All pending motions not otherwise ruled upon are DENIED as moot.

C.  This case is CLOSED.

DONE AND ORDERED at Miami, Florida, this 12th day of June, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record